# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

| | |
|---|---|
| **BERTRAND DINGER** <br> **BARBARA DINGER** | **PLAINTIFFS** |
| v. | Civil Action No. 3:13-CV-46-MPM-SAA |
| **AMERICAN ZURICH INSURANCE CO.** <br> **KENAN ADVANTAGE GROUP/CRYOGENICS** | **INTERVENOR PLAINTIFFS** |
| v. | |
| **PAT SALMON & SONS, INC.** <br> **THE ESTATE OF MARCUS HARDIN** | **DEFENDANTS** |

## Memorandum Opinion & Order

This cause comes before the court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 58]. Defendants seek dismissal of plaintiffs' independent negligence claims against Pat Salmon & Sons, Inc. (Salmon) and dismissal of the plaintiffs' claim for punitive damages against Salmon based on vicarious liability for the acts of its employee. The plaintiffs have responded in opposition. Upon due consideration of the memoranda and relevant law, the court is now prepared to rule.

On April 9, 2011, Bertrand and Barbara Dinger (Dingers) were traveling together in a tractor-trailer on U.S. Highway 78 West in Lee County, Mississippi. Bertrand was driving and Barbara was in the sleeping cabin. Due to traffic conditions, they were stopped in their lane. Marcus Hardin was also driving on Highway 78 West in a tractor-trailer that was owned and operated by Salmon. Hardin failed to observe the traffic conditions and crashed into the rear of a Ford F-150 truck being operated by Dwight White. Plaintiffs allege Hardin was driving about 60 miles per hour and was distracted by a handheld electronic device. The force of the impact caused the F-150 to rear end the Dingers' tractor-trailer, causing them injury.[1]

---

[1] Hardin and White were fatally injured in the accident. White has settled his claims arising from the accident.

Hardin was employed by Salmon at the time of the accident. The Dingers were each employees of Kenan Advantage Group/Cryogenics at the time of the accident. Kenan and their workers compensation insurer, American Zurich, have intervened in the action seeking reimbursement of worker's compensation benefits.

The second amended complaint alleges that Salmon is liable for compensatory and punitive damages on a vicarious liability/respondeat superior basis for the negligence and gross negligence of Hardin. Plaintiffs further allege that Salmon is liable for compensatory and punitive damages for its own negligence (including hiring, training, permitting use of handheld electronic devices, and other action or inactions). Salmon expressly states that Hardin was an employee and agent of Salmon at the time of the accident, was on or about the business of Salmon, and unequivocally admits that it is vicariously liable for compensatory damages for the negligence of Hardin.

Salmon first moves the court to dismiss the independent negligence claims against it; those not based on vicarious liability for the acts of its driver. Second, Salmon argues that the claim for punitive damages against Salmon based on the acts of its driver should also be dismissed.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007).

Defendants argue that the independent negligence claims against Salmon should be dismissed because Salmon has admitted that Hardin was driving the tractor-trailer in the course and scope of his employment. The "non-respondeat superior claims" have consistently been dismissed by other courts in this state when an employer admits vicarious liability for their employee's action. *See Roberts v. Ecuanic Exp., Inc.*, 2012 WL 3052838 (S.D. Miss. July 25, 2012) (citing *Welch v. Loftus,* 776 F.Supp.2d 222, 225 (S.D. Miss. 2011); *Cole v. Alton,* 567 F.Supp. 1084, 1085–86 (N.D.

Miss. 1983); *Lee v. Harold David Story, Inc.,* 2011 WL 3047500 (S.D. Miss. 2011); *Curd v. W. Express, Inc.,* 2010 WL 4537936 (S.D. Miss. 2010); *Booker v. Hadley,* 2009 WL 2225411 (S.D. Miss. 2009)); *See also Walker v. Smitty's Supply, Inc.,* 2008 WL 2487793 (S.D. Miss. 2008) (making an *Erie* guess that the Mississippi Supreme Court would approve the dismissal of a claim for negligent entrustment against an employer who has already confessed liability for its employee's conduct under the theory of respondeat superior). The courts reason that once an employer admits that it is liable for their employee's actions, evidence that pertains to issues of the employer's own negligence in hiring or supervision becomes redundant and possibly unfairly prejudicial. *Id.*

Other districts have noted that this "rule" overlooks the irreducible proposition that the doctrine of vicarious liability and the tort of negligent hiring and supervision address different conduct. *See, Wright v. Watkins & Shepard Trucking, Inc.*, 2013 WL 5209044 (D. Nev. Sept. 13, 2013):

> The doctrine of vicarious liability restricts employer liability to employee conduct that "should be considered as one of the normal risks to be borne by the business." Restatement (Second) of Agency § 229 comment a (1958). The tort of negligent hiring and supervision creates employer liability when the employer exacerbates the "normal risks to be borne by the business" through the employer's own negligence. Thus, each theory of liability aims at different risky conduct: vicarious liability makes the employer responsible for the normal risks of doing business, while the tort makes the employer responsible for any abnormal risks that she herself creates.

*Id*. (citing *McHaffie By & Through McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995) ("[t]he majority view is that once an employer has admitted *respondeat superior* liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability.") (citing numerous cases from other states and secondary sources)).

However, courts have also ruled that it is the driver's conduct that caused the accident that is the issue at trial, and not the negligence of the employer. "Moore's alleged negligence in the Accident, not Waste Connections' alleged negligence in hiring, training, and supervising Moore, is

3

the relevant issue at trial." *Young v. Waste Connections of Tennessee, Inc.*, 2013 WL 3974175 (W.D. Tenn. July 31, 2013) (applying Mississippi law and granting summary judgment on plaintiff's claim based on negligent hiring, training, and supervision because defendants admitted vicarious liability for Mack-Truck driver speeding through school zone, resulting in a fatal accident). "Plaintiffs argue that Defendants are not entitled to summary judgment because there are genuine issues of material fact about Waste Connections' hiring, training, and supervision of Moore. Admitting vicarious liability insulates Waste Connections from the factual disputes Plaintiffs have identified." *Id*.

The Mississippi Supreme Court has not answered the question of whether an employer who admits vicarious liability should be entitled to dismissal of the independent negligence claims asserted against it. The Supreme Court has held, however, that it was error to admit testimony relevant to plaintiff's negligent entrustment claim because the defendants had admitted that the employee had been within the scope of his employment at the time of accident. *Nehi Bottling Co. v. Jefferson,* 226 Miss. 586, 84 So.2d 684, 686 (Miss. 1956).

Further, secondary sources in Mississippi do not address the exact scenario when an employer admits vicarious liability for the employee's actions, but state that "[a]n employer can always be held directly liable for his own negligence in hiring, retaining, or supervising, regardless of whether an employee or independent contractor is involved, since the employer is being held liable for his own negligence and not vicariously liable for the negligence of another." Mississippi Law of Torts § 7:23 (2d ed.). This seems to echo the concern announced by the *Watkins & Shepard Trucking* court. However, the federal courts in Mississippi have regularly held that when an employer admits that they are liable for their employee's actions, the independent negligence claims against the employer should not be an issue at trial. This court does not deviate from the previous holdings in this state under the facts alleged in the complaint in this matter and agrees with the annunciation in *Welch*: "[a]lthough the Mississippi Supreme Court has not answered the legal

4

question at hand, this Court is satisfied that where a defendant declines to protect himself against a claim of vicarious liability, he voluntarily enters the arena to entertain a claim of negligence." *Welch*, 776 F. Supp. 2d 222, 225 (S.D. Miss. 2011) (granting summary judgment on negligent entrustment claim). "Proof of negligent entrustment or the like, then, is unnecessary and duplicitous at best, and at worst could provide unduly prejudicial evidence that is ultimately irrelevant." *Id*.

The plaintiffs seek to show that Salmon's negligence exceeded Hardin's negligence in this particular incident because Salmon knew that Hardin used handheld electronic devices while operating its tractor trailers and did little or nothing to stop it. However, this court does not find this argument persuasive enough to overcome the numerous cases in this state that have dismissed the ordinary negligence of the employer, even if the employer itself has a direct involvement in the distracted driver. In *Gaddis v. Hegler*, the court granted summary judgment in favor of the defendants with respect to plaintiff's claims based on negligent entrustment, negligent hiring, failure to train, negligent supervision, and negligent retention even though the plaintiff alleged that the co-owner of the business did not prohibit talking on the phone, knew it was dangerous to talk on the phone while driving, did not provide any safety training regarding deliveries, and the owner called employee's cell phone while employee was on the road. *Gaddis v. Hegler*, 2011 WL 2111801 (S.D. Miss. May 26, 2011).

Therefore, the independent negligence claims for compensatory damages are dismissed. The gross negligence claims for punitive damages against Salmon remain.

If derivative liability is established, "other avenues—like punitive damages claims—will provide a route for recovery in the event an employer's culpability exceeds that of its employee's imputed negligence." *Watkins & Shepard Trucking, Inc.*, 2013 WL 5209044.

In *Roberts*, the court refused to dismiss a plaintiff's independent claims for punitive damages against a truck driver's employer even after it had dismissed the plaintiff's independent negligence

5

claims for compensatory damages against that employer. *Roberts v. Ecuanic Exp., Inc.*, 2012 WL 3052838 (S.D. Miss. July 25, 2012) (ruling on motion to dismiss); *See also Gaddis v. Hegler*, 2011 WL 2111801 (court conducted punitive damages analysis for employer despite holding that admission of vicarious liability foreclosed negligence claims).

Any evidence of Salmon's gross negligence shall only be admissible after an award of compensatory damages has been made by the jury and the court determines that the issue of punitive damages is to be submitted to the jury. Miss. Code Ann § 11-1-65.

Next, Salmon argues that the punitive damages claim against it based on vicarious liability and the acts of its employee should be dismissed because Mississippi Code Annotated Section 11-1-65 prohibits vicarious liability for punitive damages. Plaintiffs, without giving the court any authority on point, argue that "[i]n such a situation where punitive damages are not available against the employee because he is deceased, the employer should still be liable for all damages (compensatory and punitive) caused by the employee in the course and scope of his employment."

Plaintiffs further argue that there is a split in authority in Mississippi because the Mississippi Supreme Court has not clearly answered the question of whether an employer can be vicariously liable for the punitive damages of its employees. The Dingers cite *Morea v. Star Transp.*, 2012 U.S. Dist. LEXIS 154703 (S.D. Miss. Oct. 29, 2012) (noting that all the opinions from Mississippi federal courts rely on the dissenting opinion from *Duggins v. Guardianship of Washington ex. rel. Huntley*, 632 So. 2d 420, 430 (Miss. 1993)), and the court agrees that this authority comes from a dissenting opinion. However, as stated by the court in *Morea*, "if [the federal cases cited] are correct, as they appear to be, then summary judgment of the punitive claim naturally follows." Plaintiffs next cite cases that were decided before the 1993 statutory enactment that prohibits vicarious liability for punitive damages to bolster their argument (*Cole v. Alton*, 567 F. Supp. 1084 (N.D. Miss. 1983); *Hood v. Dealers Transport Co.*, 459 F. Supp. 684 (N.D. Miss. 1978); *Sandifer Oil Co. v. Dew*, 71

So. 2d 752 (1954); statute effective date of July 1, 1993)). The court finds these cases, as they pertain to this limited issue, to be inapplicable.

Numerous federal courts in Mississippi have ruled that punitive damages are not recoverable from the employer based on their employee's actions.[2] *See, e.g.*, *Bradley v. Wal-Mart Stores, Inc.*, 2006 WL 2792338 (S.D. Miss. Sept. 27, 2006) (finding that Wal-Mart did not formulate any policies or direct its employees to push televisions off of shelves at customers; therefore "[a]s Wal-Mart cannot not be held vicariously liable for punitive damages concerning the individual actions of non policy making employees, plaintiffs' claims for punitive damages must be dismissed.").

Finding that a driver's conduct attempting an U-turn in a tractor-trailer which caused an accident did not rise to the level necessary to award punitive damages, the court in *Dawson v. Burnette,* 650 F.Supp.2d 583, 586 n. 1 (S.D. Miss. July 20, 2009) noted that the owner of the truck "would be entitled to summary judgment on [the punitive damage] claim in any event, inasmuch as it cannot be held vicariously liable for punitive damages on account of the conduct of its employee." This analysis was followed two years later, albeit by the same judge, in *Lee v. Harold David Story, Inc.*, 2011 WL 3047500 (S.D. Miss. July 25, 2011) ("[e]ven if there may be sufficient evidence of gross negligence by [the truck driver] to support the imposition of punitive damages against [driver], his actions cannot be imputed to [the employer] for purposes of imposing punitive damages.").

This district, finding that a tractor-trailer driver's conduct in causing a three vehicle accident did not rise to a level necessary to award punitive damages, also noted that the defendant truck-owner "would be entitled to summary judgment on this claim in any event, as it cannot be held

---

[2] The Fifth Circuit has held "simply that punitive damages may not be imposed against a corporation when one or more of its employees decides on his own to engage in malicious or outrageous conduct. In such a case, the corporation itself cannot be considered the wrongdoer. If the corporation has formulated policies and directed its employees properly, no purpose would be served by imposing punitive damages against it except to increase the amount of the judgment." *See In the Matter of P & E Boat Rental,* 872 F.2d 642 (5th Cir. 1989) (sitting in admiralty and not addressing situation when vicarious liability admitted nor when policymaking officials knew of conduct that caused collision).

vicariously liable for punitive damages on account of its employee." *Poe v. Ash Haulers, Inc.*, 2011 WL 2711283, * n. 2 (N.D. Miss. July 12, 2011) (citing *Dawson, Bradley* and *Duggins*).

Even assuming that Hardin's actions of using a handheld device in the cab of a tractor-trailer rise to the level necessary to justify punitive damages, as a matter of Mississippi statutory and case law, Salmon cannot be held vicariously liable for punitive damages based on his conduct.[3]

Therefore, defendants' motion to dismiss [Doc. 58] is hereby granted, with all other claims still pending.

IT IS SO ORDERED this 13th day of February, 2014.

                                          **/s/ MICHAEL P. MILLS**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**

---

[3] The court is aware of the recently filed and pending motion to dismiss the punitive damages claim against the Estate of Marcus Hardin and, if the need arises, will address that motion in a separate order. However, the court notes that in response to the present motion before the court, plaintiffs have admitted that "under the facts of this case, particularly the fact that the employee is deceased…punitive damages are not available against his estate" and "[a]s Hardin is deceased, punitive damages are not available against his estate under Mississippi law."